

liability in the circumstances, then the state under our Tort Claims Act would also be responsible for the injury caused.

We realize that in our prior cases, the distinction between acts for which the state might be responsible and acts for which it might not be, were not clearly delineated. As a consequence, the trial justice was undoubtedly quite justified in dismissing this complaint under the doctrine enunciated in *Knudsen v. Hall, supra.* Nevertheless, as we consider the cases in the light of the statute that was designed to abrogate sovereign immunity, we are of the opinion that this distinction, which we draw in the present case and which we may draw in future cases, is necessary to clothe the act with the effectiveness that the Legislature intended to achieve in enacting it.

A similar result has been reached in the case of *Catone v. Medberry,* 555 A.2d 328 (R.I.1989).

For the reasons stated, we vacate the judgment that dismissed the complaint in the case at bar and remand the papers in the case to the Superior Court for further proceedings not inconsistent with this opinion.

KELLEHER, J., did not participate.

Aram Schefrin, Lovett, Schefrin & Gallogly, Providence, for plaintiffs.

David D. Curtin, Legal Dept., City of Providence, for defendant.

## OPINION

FAY, Chief Justice.

These consolidated cases come before us on the plaintiffs' appeal from Superior Court orders granting the defendant's motions to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. It is the opinion of the court that our decisions in *O'Brien v. State,* 555 A.2d 334 (R.I.1989) and *Catone v. Medberry,* 555 A.2d 328 (R.I.1989) are clearly controlling. We therefore sustain the plaintiffs' appeals and remand the cases to the Superior Court for trial in accordance with the standard enunciated in the above opinions.

Toni DeBIASIO

v.

Stephen NAPOLITANO, in His Capacity as Treasurer of the City of Providence.

Pamela LaBRIE et al.

v.

Stephen NAPOLITANO, in His Capacity as Treasurer of the City of Providence.

Nos. 87–409–Appeal, 87–453–Appeal.

Supreme Court of Rhode Island.

March 6, 1989.

STATE

v.

Raymond LASSOR.

No. 87–417–C.A.

Supreme Court of Rhode Island.

March 9, 1989.